PIERRE DESORMAUX, Appellant, v. CHARLES T.
MEADER, Respondent.

No. 1297; November 30, 1867.

A Contract for Services as Superintendent of a "Copper-smelt-
ing Establishment," whereby plaintiff was to receive from defendant
six thousand dollars a year salary and fifty cents in addition for every
ton of ore smelted, would not, unless so expressed specifically, bind the
defendant to have the "establishment" in constant activity in order
to swell to the utmost the amount per ton so to be paid.

APPEAL from Fifth Judicial District, San Joaquin
County.

This action was to recover damages for divers alleged
breaches of a written contract, dated March 31, 1864, signed by
the parties and for the recovery of wages for services under
a verbal contract made August 26, 1865. Under the written
contract Desormaux was to "take charge of, direct and super-
intend, for and during the period of twelve months, a certain
copper smelting establishment to be erected by" Meader
"under the direction of" Desormaux. The consideration for
these services was the payment to Desormaux of "the sum
of six thousand dollars per year in gold coin of the United
States, said salary to continue for one year only, and the addi-
tional sum of fifty cents" per ton, etc., as quoted in the deci-
sion. The verbal agreement was alleged to have been made
after the rendering of the first year's service, and involved
the promising by Meader to pay the six thousand dollars then
having become due to Desormaux as wages.

At the trial the plaintiff offered to prove, and as points for
the court's charge to the jury, twenty distinct propositions,
some involving details of his professional career, as tending
to show his efficiency and the inducements for the defendant's
employing him; one going to the fact of his being a French-
man, unfamiliar with the English tongue, and dependent on
an interpreter, wherefore his having an imperfect understand-
ing of what he had signed; some going to what ought to be
done so as to push on the work contemplated by the contract;
some going to show improvident purchases of structural mate-
rial by Meader in that connection so that he had stood in his

own light; some going to prove outside statements, made as alleged by Meader, laudatory of what Desormaux had done for him and also indicating his intentions in the matter of the work proposed, etc.; all of which propositions the defendant objected to, the trial court sustaining his objections on the grounds, 1st, that the terms of the written contract sued upon could not be varied, explained or added to by parol, and, 2d, that it was for the court only, and not the jury, to construe the contract.

J. B. Hall and C. Dorsey for appellant; M. G. Cobb and D. W. Perley for respondent.

SAWYER, J.—Clearly under the terms of the contract in suit the defendant was not bound to run the "copper-smelting establishment," to be erected under it, to the full extent of its capacity for a period of five years, or for any other time. In addition to the six thousand dollars per annum salary for one year, the defendant was to pay the plaintiff "fifty cents for each and every ton of ore smelted in the above establishment during the period of five years from the time that the work of smelting is commenced within said establishment, whether it shall remain under the superintendence of the party of the second part or not." While this covenant required defendant to pay fifty cents per ton for every ton smelted during the five years, it did not require him by express terms or by any reasonable construction to run the establishment constantly, or during the entire term, or any specified portion of the time. The enterprise was one of great hazard. If profitable, the profits were doubtless supposed to be sufficient inducement to defendant to carry on the business after going to the expense of erecting the necessary furnaces and machinery. If defendant was willing to risk his capital, it may well be supposed that plaintiff might risk the chance of further profits, after getting a certain and liberal salary of six thousand dollars per annum for his services, without requiring defendant to obligate himself to work the establishment for the sole purpose of giving plaintiff fifty cents per ton for the rock smelted, whether he obtained any profit or not. However this may be, no such hard bargain for the defendant is expressed in the contract sued on, or

can reasonably be implied from the terms. This is the principal question in the case. The minor questions arise out of the rejection of the evidence and on the instructions given and refused. We have carefully examined the points raised, and we think no error is shown in the rulings of which complaint is made.

Judgment affirmed.

We concur: Shafter, J.; Sanderson, J.; Currey, C. J.